THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SLOAN STANLEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KING COUNTY, *et al.*, <br><br> Defendants. | CASE NO. C24-0108-JCC <br><br> ORDER |

This matter comes before the Court on Defendants' motion for a protective order (Dkt. No. 38). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

This case arises out of Plaintiff Sloan Stanley's arrest and subsequent conviction in King County Superior Court for felony harassment and intimidation. (*See* Dkt. No. 1 at 1, 3.) Plaintiffs filed suit under 42 U.S.C. § 1983 against the City of Seattle, three Seattle Police Department detectives, King County, and King County Senior Deputy Prosecutor Gary Ernsdorff, based on numerous civil rights violations and similar state law claims. (*See generally id.*) The discovery cut-off is November 18, 2024. (*See* Dkt. No. 35 at 1.)

On May 23, 2024, Plaintiffs' counsel sought the June deposition availability of Detective Rande Christiansen. (Dkt. No. 39 at 1.) Lead counsel for the case, Ms. Kerala Cowart, advised Plaintiffs' counsel of her unavailability during this time and requested that the deposition occur

in mid-July. (*Id.* at 2.) This was due to her involvement in a trial throughout June, along with a family illness requiring her attention after trial. (*Id.*) In response, Plaintiffs' counsel accused Ms. Cowart of employing a "Delaying Defendant Tactic" and issued a notice of a video deposition for Defendant Christiansen for July 2, 2024. (*Id.*) Ms. Cowart restated her unavailability for that date and re-offered July 17 or 18 as potential alternatives. (*Id.*) Again, Plaintiffs' counsel threatened sanctions and sought a meet and confer. (*Id.* at 3.) After numerous e-mail exchanges, along with the City Defendants' offer to stipulate to an extension of any relevant discovery deadlines to mitigate any perceived prejudice, Plaintiffs' counsel restated his refusal to accommodate the City Defendants' unavailability. (*Id.* at 3–4.) He further indicated those dates are "no good" but declined to provide alternative dates. (*Id.*) Accordingly, the City Defendants move for entry of a protective order to prevent the deposition of Defendant Christiansen from proceeding on the date as noticed. (*See* Dkt. No. 38.)

On a motion for a protective order, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Options available to the Court include, among others, "forbidding the disclosure or discovery; . . . [and] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id*. District courts are vested with broad discretion in determining whether a protective order is appropriate and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Phillips ex rel. Estate of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211–12 (9th Cir. 2002). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011).

That standard is met in this case. As the City Defendants note, Ms. Cowart is the lead attorney with the most familiarity with this case. (Dkt. No. 39 at 3.) Requiring a deposition without her presence on July 2, 2024, will undoubtedly result in prejudice to the City

1  Defendants. And to the extent Plaintiffs may experience any prejudice due to a two-week delay,
2  the City Defendants have offered to mitigate such prejudice and accommodate Plaintiffs'
3  requests—a courtesy Plaintiffs' counsel seemingly refuses to extend in return.
4        Accordingly, the Court GRANTS Defendants' motion for protective order (Dkt. No. 38)
5  and STRIKES Plaintiffs' July 2, 2024, notice of video deposition. The deposition of Defendant
6  Christiansen shall proceed no earlier than July 17, 2024. Plaintiffs' counsel is further advised that
7  disputes over scheduling should be easily resolved through the exchange of common courtesies,
8  rather than through taxing the resources of the federal judiciary. *See Parker v. Allstate Ins. Co.*,
9  472 F. App'x 627, 628 (9th Cir. 2012).

      DATED this 28th day of June 2024.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE