HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SLOAN STANLEY and JACINTA
STANLEY,

               Plaintiffs,

   v.

KING COUNTY, CITY OF
SEATTLE, CLIFF BORJESON,
RANDE CHRISTIANSEN, GARY
ERNSDORFF, NICHOLAS MEYST,
and JASON STOLT,

               Defendants.

Case No. 2:24-cv-00108-RAJ

ORDER

This matter comes before the Court on Plaintiffs' Motions to Compel Discovery (collectively, the "Motions") by the individually named Seattle detectives (the "City Defendants") and King County and Gary Ernsdorff (the "County Defendants"). Dkt. ## 58, 88. The Court has reviewed the Motions and all filings in support of and opposition thereto, and conducted a hearing on all outstanding issues related to the Motions on June 9, 2026. Dkt. # 148. This Order will serve as a clarification of the specific rulings made during the June 9

ORDER – 1

hearing, as modified herein.  Specifically, after further reflection and in order to afford the parties a full opportunity to articulate their respective positions, the Court modifies the deadlines and filing requirements set forth at the June 9 hearing.  The Court accordingly **ORDERS** as follows:

(1) Both Motions are hereby **STRICKEN**.  Dkt. ## 58, 88.

(2) The County Defendants shall conduct a review to assess whether their production of documents responsive to Plaintiffs' Requests for Production 7, 11 and 17 is complete.  By **Monday, June 22, 2026**, the County Defendants are ordered to either: (1) certify to the Court that their production of documents responsive to these Requests is complete; or (2) notify the Court of additional documents the County Defendants intend to produce.  The deadline to complete discovery in this matter is extended to **Wednesday, July 22, 2026**.

(3) To the extent Plaintiffs object to the withholding and/or redaction of documents by the City Defendants and/or the County Defendants, Plaintiffs may file separate motions against each set of Defendants articulating the factual bases and legal arguments supporting these objections on or before **Monday, June 29, 2026.**

    a. With respect to redactions, any motion filed against the City Defendants must identify and attach as an exhibit the **<u>complete set of pages produced by the City Defendants</u>** which include redactions to which Plaintiffs object.  Any motion filed against the County Defendants must similarly identify and attach as an exhibit the **<u>complete set of objected-to pages produced by the County Defendants</u>**.

ORDER – 2

b. To the extent Plaintiffs seek the Court's *in camera* review of any withheld or redacted documents, Plaintiff must articulate "a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *Kee v. United States Fid. & Guar. Co.*, No. 3:24-CV-05535-TMC, 2026 WL 496785, at *3 (W.D. Wash. Feb. 23, 2026), *objections overruled sub nom. C.C., as Assignee v. United States Fid. & Guar. Co.*, No. 3:24-CV-05535-TMC, 2026 WL 1182998 (W.D. Wash. Apr. 30, 2026) (citing *In re Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992)). "Unfounded suspicion is not enough to trigger *in camera* review." *Id.* (collecting cases).

c. Plaintiffs may address, in each respective motion, the issue of whether the parties should be permitted to amend their motions for summary judgment on the basis of intervening discovery-related developments. Plaintiffs must bifurcate their arguments as applicable to each set of defendants. Specifically:

   i. In any motion against the City Defendants, Plaintiffs must identify: (1) any discovery produced by the City Defendants subsequent to the filing of Plaintiffs' Partial Motion for Summary Judgment ("Plaintiffs' MSJ," Dkt. # 73) that would have been used in support of Plaintiffs' MSJ against the City Defendants, and (2) how specifically this subsequently-produced discovery would have been used in support of Plaintiffs' MSJ with respect to the City Defendants.

ORDER – 3

ii. Any motion against the County Defendants must meet these same requirements and must be confined to discovery produced by the County Defendants after the filing of Plaintiffs' MSJ.

d. Finally, the Court reminds Plaintiffs' counsel of his obligation to meet and confer with opposing counsel in good faith pursuant to Federal Rule of Civil Procedure 37 before seeking judicial intervention.

(4) Any responses by the City Defendants and/or County Defendants to motions filed by Plaintiff in accordance with the foregoing paragraph of this Order must be filed on or before **Monday, July 6, 2026**.

a. The City Defendants and County Defendants may use these responsive filings to address: (a) Plaintiffs' arguments related to the withholding and/or redaction of documents; and (b) whether the parties should be permitted to amend their motions for summary judgment on the basis of intervening discovery-related developments. In the alternative, if Plaintiffs do not file any motion pursuant to paragraph 3 of this Order, the City Defendants and County Defendants may file standalone motions addressing whether the parties should be permitted to amend their motions for summary judgment on the basis of intervening productions by each respective movant.

b. The City Defendants may additionally utilize their response to renew their request for fees incurred in responding to Plaintiffs' Motion to Compel Discovery by City Defendants. Dkt. # 67. In the alternative, if Plaintiffs do not file any motion

ORDER – 4

against the City Defendants pursuant to paragraph 3 of this Order, the City Defendants may file an affirmative motion for fees and expenses.

(5) The Court will not permit replies in support of any motions filed by Plaintiffs in accordance with paragraph 3 of this Order.

(6) Apart from the motions expressly permitted by paragraph 3 of this Order, Plaintiffs must seek leave of the Court prior to filing further discovery motions in this matter. In imposing this pre-filing requirement, the Court notes that, during the June 9 hearing, Plaintiffs' counsel made several concessions indicating his understanding that the City Defendants and County Defendants have completed their searches for, and production of, documents responsive to the majority of Plaintiffs' discovery requests. The Court reminds Plaintiffs' counsel that, while responding parties have "an affirmative duty to *search* for responsive documents," the Court is unable to order the production of documents that do not exist. *Lee v. Lee*, 2021 WL 4462337, at *11 (C.D. Cal. Jan. 29, 2021) (citation omitted). As such, any future requests for leave to file a motion to compel must be supported by a "colorable basis for [Plaintiffs'] belief that relevant, responsive documents exist and are being improperly withheld." *Lee*, 2021 WL 4462337, at *11 (citations omitted). "A mere suspicion that additional documents must exist is an insufficient basis to grant a motion to compel." *Id.* (collecting cases).

//
//
//

ORDER – 5

Finally, the Court again reminds Plaintiffs' counsel of his obligation to meet and confer with opposing counsel in good faith before seeking further judicial intervention.

DATED this 10th day of June, 2026.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER – 6