HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SLOAN STANLEY and JACINTA STANLEY,<br>Plaintiffs,<br>v.<br>KING COUNTY, CITY OF SEATTLE, CLIFF BORJESON, RANDE CHRISTIANSEN, GARY ERNSDORFF, NICHOLAS MEYST, and JASON STOLT,<br>Defendants. | Case No. 2:24-cv-00108-RAJ<br><br>ORDER |

This matter comes before the Court on Plaintiffs' Motion Requesting Consideration of Unredacted Emails in Pending MSJ as to City Defendants (the "Motion as to City Defendants," Dkt. # 157) and Plaintiffs' Motion for Consideration of Emails in Pending MSJ and for *In Camera* Review as to Production by the County Defendants (the "Motion as to County Defendants," Dkt. # 159, and together with the Motion as to City Defendants, the "Motions"). Plaintiffs filed the Motions in accordance with the Court's Order dated June 10, 2026. Dkt. #

150. Defendants City of Seattle, Cliff Borjeson, Rande Christiansen, Nicholas Meyst, and Jason Stolt (collectively, the "City Defendants") filed a response to the Motion as to City Defendants (the "City Response," Dkt. # 161). Defendants King County and Gary M. Ernsdorff (together, the "County Defendants") filed a response to the Motion as to County Defendants (the "County Response," Dkt. # 162). The parties also filed declarations in support of the Motions and the responses thereto. Dkt. ## 158, 160, 163–64. Pursuant to the Court's June 10, 2026 Order, no replies in support of the Motions were permitted. Dkt. # 150 ¶ 5.

Having considered the Motions and all filings in support of and opposition thereto, the Court **DENIES** Plaintiffs' request for *in camera* review of the exhibits referenced in the Motion as to County Defendants. Dkt. ## 159 at 6–12. Both the Motion as to County Defendants and the County Response indicate that Plaintiff failed to meet and confer with the County Defendants prior to filing the Motion as to County Defendants, as required by Fed. R. Civ. P. 37(a)(1) and W.D. Wash. Local Civ. R. 37(a)(1). Dkt. # 159 at 12 ("Plaintiffs will request a 'meet and confer' with the County shortly *after* filing this Motion.") (emphasis added); Dkt. # 162 at 3 (stating that Plaintiffs failed to meet and confer prior to filing the Motion as to County Defendants). The Court explicitly warned Plaintiffs' counsel at the June 9, 2026 discovery hearing, and in its subsequent written order, of his obligation to meet and confer with opposing counsel prior to seeking judicial intervention. *See* Dkt. # 150 ¶ 3(d), p. 6 (reminding "Plaintiffs' counsel of his obligation to meet and confer with opposing counsel in good faith" pursuant to Fed. R. Civ. P. 37 before seeking further judicial intervention); Dkt. # 152 at 5, 53 (finding no good-faith effort to engage in a meet and confer prior to filing of Plaintiffs' previous discovery motions and

reminding Plaintiffs' counsel that this "must take place" in the event of concern regarding future document productions). The Court accordingly denies Plaintiffs' request for *in camera* review. *See, e.g.*, *Drum v. Clarke*, No. C06-5360 RBL/KLS, 2007 WL 737329, at *5 (W.D. Wash. Mar. 7, 2007) (denying motion for *in camera* review due to failure to meet and confer prior to filing); *Elec. Mirror, LLC v. Avalon Glass & Mirror Co.*, No. 16-0665-RAJ, 2018 WL 3862250, at *1 (W.D. Wash. Aug. 14, 2018) (denying discovery motion for failure to meet and confer); *Swinerton Builders v. Lexington Ins. Co.*, 2024 WL 5202519, at *1–2 (W.D. Wash. Dec. 23, 2024) (same); *Strickland v. City of Auburn*, 2023 WL 4461224, at *1 (W.D. Wash. June 13, 2023) (same).

The Court also concludes that full re-briefing of the parties' pending cross-motions for summary judgment is necessary to provide the Court with a coherent presentation of the parties' arguments, to facilitate a streamlined record, and to afford all parties a full and fair opportunity to both assert and respond to new arguments based on the complete record. However, the Court is cognizant that ordering re-briefing will make the current trial date and related pre-trial deadlines impracticable. The Court accordingly **ORDERS** as follows:

(1) The Court **DENIES** Plaintiffs' Motion as to City Defendants and Motion as to County Defendants. Dkt. ## 157, 159.

(2) The Court **STRIKES** Plaintiffs' Motion for Partial Summary Judgment, the County Defendants' Motion for Summary Judgment, and the City Defendants' Motion for Summary Judgment, and all declarations filed in support of the foregoing. Dkt. ## 73, 101, 103. The parties are directed to file amended motions for summary judgment, and

any other dispositive motions, by **October 2, 2026**. Responses shall be due by **October 23, 2026**, and replies shall be due by **October 30, 2026**.

(3) To facilitate a complete and organized record, the Court will **not** permit cross-references to exhibits filed in connection with the previous summary judgment motions, responses, or replies (or any of the parties' other filings). Accordingly, any documents the parties wish the Court to consider in adjudicating the amended motions must be attached as exhibits to the declarations filed in support of the amended motions (or responses or replies, as applicable). The Court acknowledges that this may require the parties to re-file duplicate exhibits, but finds that considerations of judicial economy and clarity of the record outweigh any potential burden to the parties.

(4) All other case deadlines, including the trial date, are **STAYED** until further order of the Court. The Court intends to continue trial in this action by approximately ninety (90) days. The Courtroom Deputy will contact counsel regarding their availability prior to entry of an amended case schedule.

Dated this 3rd day of September, 2026.

The Honorable Richard A. Jones
United States District Judge